IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE:<br><br>Wellington James McLin,<br><br>    Debtor.<br>Together Credit Union,<br><br>    Movant,<br>v.<br><br>Wellington James McLin, Debtor<br>Nancy J. Whaley, Trustee,<br><br>    Respondents. | CASE NO. 21-52997-jwc<br><br>CHAPTER:  13<br><br>JUDGE:  Jeffery W. Cavender<br><br>CONTESTED MATTER |

NOTICE OF HEARING

NOTICE IS HEREBY GIVEN that a motion for relief from the automatic stay has been filed in the above-styled case by Movant. In the event a hearing cannot be held within thirty (30) days from the filing of the motion for relief from the automatic stay as required by 11 U.S.C. § 362, Movant waives this requirement and agrees to the next earliest possible date, as evidenced by signature below. If a final decision is not rendered by the Court within sixty (60) days of the date of the request, Movant waives the requirement that a final decision be issued within that period. **The undersigned consents to the automatic stay (and any related co-debtor stay) remaining in effect with respect to Movant until the court orders otherwise.**

  **Hearing will be held on the 17th day of August, 2021, 10:30 a.m., Courtroom 1203**, at the Richard B. Russell Federal Building and United States Courthouse, 75 Ted Turner Drive, SW, **Atlanta**, GA 30303**.**

  Given the current public health crisis, hearings may be telephonic only.  Please check the **"Important Information Regarding Court Operations During COVID-19 Outbreak"** tab at the top of the GANB Website prior to the hearing for instructions on whether to appear in person or by phone.

  Within three days of the date of this notice, Movant's attorney, or a pro se Movant, shall serve the motion and this notice upon the debtors, trustee, and their attorneys of record, and shall file a certificate of service within three days of service. BLR 9007-2 NDGA.

  Your rights may be affected by the court's ruling on these pleadings.  You should read these pleadings carefully and discuss them with your attorney, if you have one.  If you do not have an attorney, you may wish to consult one.  If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing.  You may also file a written response to the pleadings with the Clerk of Court at the address below, with a copy to the Movant and the Trustee, but you are not required to do so.  If you file a written response, you must attach a certificate stating when, how and to whom you served the response, and include the addresses.  Mail or deliver your response so that it is received by the Clerk at least two business days before the hearing.  You must also mail a copy of your response to the

undersigned at the address stated below:

Clerk's address – United States Bankruptcy Court, 75 Ted Turner Drive, SW, Room 1340, **Atlanta**, GA 30303**.**

If a final decision is not rendered by the Court within sixty (60) days of the date of the request, Movant waives the requirement that a final decision be issued within that period.

**If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the Motion and may enter an order granting relief.**

This notice is sent by the undersigned pursuant to LBR 9004-1(6).

DATE: July 13, 2021

/s/ Joshua M. Ryden
Joshua M. Ryden, GBN 140502
Padgett Law Group
6267 Old Water Oak Road
Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (fax)
Josh.Ryden@padgettlawgroup.com
*Attorney for Movant*

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 21-52997-jwc |
| Wellington James McLin, | CHAPTER: 13 |
| Debtor. | JUDGE: Jeffery W. Cavender |
| Together Credit Union, | |
| Movant, | CONTESTED MATTER |
| v. | |
| Wellington James McLin, Debtor<br>Nancy J. Whaley, Trustee, | |
| Respondents. | |

MOTION TO MODIFY AUTOMATIC STAY AS TO DEBTOR
AND WAIVER OF THE 30-DAY REQUIREMENT OF 11 U.S.C. § 362(e)

**COMES NOW** Together Credit Union, ("Movant" hereinafter), a secured creditor and/or party in interest in the above-captioned matter, and respectfully shows the Court as follows:

1. This Motion is made pursuant to § 362(d) of the Bankruptcy Code for relief from the automatic stay for all purposes allowed under applicable law and the contract between the parties, including, but not limited to, the right to initiate a replevin action to seek possession of on certain Collateral pursuant to the underlying loan documents and applicable state law.

2. The Debtor filed a petition under Chapter 13 of the Bankruptcy Code on April 14, 2021.

3. The Bankruptcy Code has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 362.

4. Nancy J. Whaley is the duly designated Chapter 13 Trustee.

5. Movant is the holder of a loan secured by certain personal property in which Wellington James McLin (herein "Debtor") has an interest, in that certain motor vehicle known as 2013 Dodge Challenger VIN No. 2C3CDYBTXDH511812, (collectively the "collateral"), by virtue of a Loan Agreement and consumer Credit Disclosure Statement (the "Contract") executed by Debtor, a copy of which is attached hereto as **Exhibit A**. Debtor is owner of the collateral and liable on the Contract.

6. The Debtor's Plan provides for the surrender of the property to Movant. As of June 23, 2021, Debtor is in default to Movant in the amount of $704.00, representing the March 13, 2021 through June 23, 2021. Therefore, Movant is not receiving payments on the account and the Collateral is depreciating in value. The stay should be terminated for cause, including the lack of adequate

protection of an interest in the collateral of Movant, pursuant to 11 U.S.C. § 362(d)(1).

7. There is no equity in the Property. Debtor's Schedule B values the Collateral at $11,200.00. On April 27, 2021, Movant filed a Proof of Claim for $11,618.66 with $646.00 in arrears.

8. As of June 23, 2021, the total unpaid principal balance is $11,285.43 and the loan balance is $11,454.55

9. Movant, by and through undersigned counsel, waives the requirement of 11 U.S.C. §362(e) and agrees that, if a hearing cannot be held within thirty (30) days from the filing of this Motion, said hearing shall be set on the next available date.

10. Because of Debtor's default and the surrender of the Collateral, Movant is not adequately protected. Movant's interest in the Collateral would be irreparably harmed by the continuation of the automatic stay. The possibility of equity above the indebtedness would not constitute adequate protection as contemplated by the Bankruptcy Code which does not provide for Debtor(s) to enjoy the use of the Collateral without complying with the terms of the confirmed Plan.

11. Because the loan documents so provide, Movant is entitled to reasonable attorney's fees and costs of $1,231.00 incurred in bringing this motion.

12. Movant requests that the provisions of Fed. R. Bankr. P 4001(a)(3) be waived, and that in the event the automatic stay is terminated as to the Property by order of the court and the case subsequently converts to another bankruptcy chapter, that the stay relief order remains in effect.

13. Movant requests that on entry of an Order granting this Motion and modifying the automatic stay that the Chapter 13 Trustee make no further payments on account of Movant's secured claim, and that the secured portion of Movant's claim be deemed withdrawn without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Movant consents to return to the Chapter 13 Trustee any payments received from the Trustee on account of Movant's secured claim after entry of an Order modifying the automatic stay on the Collateral.

14. Movant is without sufficient information to form a belief whether there are additional liens on the Collateral or to determine the amount of any encumbrances that may consume any available equity in the Collateral. Debtor(s)' Schedules indicate that there are no additional liens on the Collateral. Movant's loan balance, along with costs of sale, render little or no equity in the Collateral to benefit the estate.

15. Movant asserts that there is no additional Collateral for its loan that can be foreclosed upon.

16. Should stay relief be granted as to the Collateral, Movant, pursuant to terms of the Contract, may foreclose its security interest and seek possession of the Collateral.

17. Movant requests that if the stay is modified that Movant be permitted to contact Debtor(s) and/or Debtor(s)' counsel, as appropriate, through its agents, servicers and representatives for the purpose to enter into discussion and consideration of loss mitigation options, as relating to the loan

documents. Movant asserts that Debtor(s) and their counsel are responsible for filing any court documents required for approval of any such agreement that may arise from such discussions.

18.     Pursuant to applicable local rules and O.C.G.A. § 44-14-162.2, the entity who has full authority to negotiate, amend or modify the terms of the aforementioned indebtedness is Together Credit Union, Attn: Bankruptcy, 423 Lynch St., St. Louis, MO 63118.

**WHEREFORE**, Movant moves this Court for an Order, after Notice and Hearing, terminating the automatic stay under § 362 as to Movant and the Collateral so that Movant (and any successors or assigns) may take any and all steps under non-bankruptcy law necessary to exercise any and all rights it may have under the law and its loan documents; to enforce its remedies to foreclose upon and obtain possession of the Collateral; waiving the right to a hearing within thirty (30) days as provided by 11 U.S.C. § 362(e); that provides that Trustee make no further payments on account of Movant's secured claim; that awards Movant its reasonable fees and costs for this Motion; that pursuant to 11 U.S.C. § 362 directs Trustee to abandon the Collateral; waiving the provisions of Fed. R. Bankr. P. 4001(a)(3); exempting Movant from further compliance with Fed. R. Bankr. P. 3002.1 in the instant bankruptcy case; that permits Movant to contact Debtor or Debtor`s counsel, through its agents, servicers and representative for the purpose of engaging in discussions and consideration for possible loss mitigation options; and for such other and further relief as the Court deems just and appropriate.

**RESPECTFULLY SUBMITTED** this the 13th of July, 2021.

/s/ *Joshua M. Ryden*
Joshua Ryden, GBN 140502
PADGETT LAW GROUP
6267 Old Water Oak Road, Suite 203
Tallahassee, FL 32312
(850) 422-2520 (telephone)
(850) 422-2567 (facsimile)
Josh.Ryden@padgettlawgroup.com
*Attorney for Movant*

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 21-52997-jwc |
| Wellington James McLin, | CHAPTER: 13 |
| Debtor. | JUDGE: Jeffery W. Cavender |
| Together Credit Union, | |
| Movant, | CONTESTED MATTER |
| v. | |
| Wellington James McLin, Debtor<br>Nancy J. Whaley, Trustee, | |
| Respondents. | |

CERTIFICATE OF SERVICE

I, the undersigned, an attorney with Padgett Law Group, certify that I am, and at all times hereinafter mentioned was more than 18 years of age; and

That on the 13ᵗʰ day of July, 2021, I served a copy of the within *Notice of Hearing* and *Motion to Modify Automatic Stay as to Debtor(s) and Waiver of the 30-Day Requirement of 11 U.S.C. § 362(e),* filed herein, by first class U.S. Mail with adequate prepaid postage, or electronically via e-mail, to said respondents in this bankruptcy matter as follows:

**By U.S. First Class Mail**

*Debtor(s)*
**Wellington James McLin**
PO Box 4411
Canton, GA 30114

**By Electronic Service**

*Attorney for Debtor*
**Matthew Thomas Berry**
Matthew T. Berry & Associates
Suite 600
2751 Buford Highway, NE
Atlanta, GA 30324

*Trustee*
**Nancy J. Whaley**
Nancy J. Whaley, Standing Ch. 13 Trustee
303 Peachtree Center Avenue
Suite 120, Suntrust Garden Plaza
Atlanta, GA 30303

I CERTIFY UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Executed On: <u>July 13th, 2021</u>　　　　　　　　By: <u>/s/  Joshua M. Ryden</u>
　　　　　　　　　　　　　　　　　　　　　　　　Joshua M. Ryden, GBN 140502

**Anheuser-Busch**
Employees' Credit Union
*And Its Divisions*
1001 Lynch Street
St. Louis, MO 63118-1803

## Loan Agreement And Consumer Credit Disclosure Statement ("Agreement")

Borrower(s)
WELLINGTON J. MCLIN
202 BRICK MILL DR
CANTON, GA 301153820

| ANNUAL PERCENTAGE RATE The cost of Your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost You. | AMOUNT FINANCED The amount of credit provided to You or on Your behalf. | TOTAL OF PAYMENTS The amount You will have paid when You have made all scheduled payments. | Date 10/9/2015 |
|---|---|---|---|---|
| 5.25% | $4,017.99 | $27,006.50 | $31,024.49 | |

Your payment schedule will be:

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 62 | $492.46 | Payments are due monthly beginning 11/23/2015 |
| 1 | $491.97 | Final payment due on 1/23/2021 |

☐ **Variable Rate.** Your loan is subject to a Variable Rate which is based on the current dividend rate being paid on the Shares or Certificates of Deposit securing Your loan ("Index") plus ___2%___ ("Margin"). The Index plus the Margin equals the Interest Rate. Changes in the Index will cause changes in the Interest Rate on the date that any such change in the Index occurs. Increases or decreases in the Interest Rate will cause like increases or decreases in the Finance Charge and will affect the number of Your scheduled payments. For example, if Your loan were for $10,000 at 9.00% for 60 months and the Interest Rate increased to 12.00% after 12 months, You would be required to make 1.54 additional payments.

☐ **Required Deposit:** The Annual Percentage Rate does not reflect Your required deposit.    Filing Fee __0.00__    Non-Filing Insurance __0.00__

**Property Insurance:** You may obtain property insurance from anyone You want that is acceptable to the Credit Union.

**Security:** You are giving a security interest in:
☒ Personal property (other than household goods or any dwelling) securing other loans with Us.
☒ The goods or property being purchased.
☒ Your present and future shares or deposits in the Credit Union
☐ Other_____

**Late Charge:** For payments in excess of $25, if your payment is over 15 days or more late, you will be charged an amount not to exceed 5% of the payment amount or $10, whichever is greater, not to exceed $25. For payments due that are $25 or less, you will be charged $5 if your payment is more than 15 days late.

**Prepayment:** If You pay off early, You will not have to pay a penalty.

See Your contract documents for any additional information about non-payment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

☒ This is a fixed-rate loan with a Simple Interest Rate of ___5.25___%.  ☐ This is a variable-rate loan with a present Variable Rate of _____.

| Itemization of Amount Financed of: | $27,006.50 | Amount Paid to Others on Your Behalf: $27,006.50 |
|---|---|---|
| Amount given to You directly | $0.00 | See Itemization of Amount Financed |
| Amount paid on Your account | | |

**Security Interest.** To secure all obligations of Borrower(s) hereunder to the Credit Union, You give a security interest and lien in and upon the following property, including any and all accessions, related insurance proceeds or insurance premium refunds.

| Year | Make | Model | V.I.N./Serial Number | Key/Lic. Number |
|---|---|---|---|---|
| 2013 | DODGE | Challenger | 2C3CDYBTXDH511812 | |

Other

1. **PROMISE TO PAY.** You promise to pay the amount borrowed, plus interest, other permitted charges and fees to the order of Anheuser-Busch Employees' Credit Union And Its Divisions operated by Anheuser-Busch Employees' Credit Union (Lender) or order, according to the terms of this Agreement (including those set forth in the Federal Truth-in-Lending Disclosure). Numbers, phrases or words preceded by a ☐ are applicable only if the ☐ is marked, e.g.☒. In this Agreement, the use of the words "Credit Union," "We," "Us" and "Our" mean Anheuser-Busch Employees' Credit Union And Its Divisions operated by Anheuser-Busch Employees' Credit Union. The Borrower(s) and any Co-Signer(s) of the Agreement, individually and collectively, are sometimes referred to as "You" or "Your" (e) means an estimate, (n/a) means not applicable.

2. **LIABILITY OF PARTIES.** Each person who signs this Agreement as a Borrower or Co-Signer agrees to be individually and jointly obligated to pay Your loan in accordance with the terms and conditions of this Agreement. Any person who signs this Agreement and checks the box preceding "Owner of Collateral (other than Borrower)" does so voluntarily and solely to give a security interest in the Collateral shown in the Security Interest section on the reverse side, but is not personally liable for any indebtedness created by this Agreement.

3. **INTEREST.** Interest will be charged on the unpaid balance of Your loan at the Simple Interest Rate (or at a rate computed according to the Variable Rate provisions) designated in this Agreement until Your balance is paid in full. Any payment may be made early without penalty, and any early payments will have the result of reducing the total amount of interest paid. Any payment made after the due date will have the result of increasing the total amount of interest paid.

Borrower's Initials _____

## ADDITIONAL PROVISIONS OF LOAN AGREEMENT

4. **PAYMENTS.** Your payments are to be made according to the Payment Schedule (adjustable to correlate to interest rate changes as computed according to the Variable Rate provisions) in this Agreement. Any partial prepayment of Your loan will not delay Your next scheduled payment. If, when You pay Your last scheduled payment, the amount You pay exceeds Your loan balance, then You give the Credit Union permission to deposit the excess to Your savings account.

5. **COLLATERAL.** The Credit Union has been granted a security interest or lien in or upon the Collateral designated in this Agreement or in a separate document such as a Security Agreement, Assignment, Pledge or similar document (the subject matter of such a security interest or lien is referred to as "Collateral" in this Agreement). Except for the Credit Union's security interest or lien, the Collateral is owned free and clear from any adverse claim, security interest or encumbrance other than as now disclosed to the Credit Union. Without the express written consent of the Credit Union, no other liens, security interests or encumbrances will be allowed to attach to the Collateral. You agree to inform the Credit Union immediately if the Collateral is to be moved for an extended period from Your address shown in this Agreement or at such other address at which You have informed the Credit Union the Collateral is now located. The Collateral shall not be sold or ownership otherwise transferred and at all times the Collateral shall be kept in good repair. The Collateral shall not be used for any unlawful purpose. The Credit Union shall receive the full cooperation of the Borrower, Co-Signer or Owner in obtaining everything that We require to place and/or maintain Our security interest in and/or lien on the Collateral. The Credit Union may examine and inspect the Collateral at any time wherever located. All taxes or assessments on the Collateral shall be paid as they come due, and if not paid, the Credit Union may pay them and shall be entitled to reimbursement or, alternatively, to add any amount so paid to the unpaid balance of Your loan subject to the applicable interest rate.

   Collateral (other than household goods or any dwelling) given as security under this Agreement or for any other loan You may have with Us will secure all amounts You owe Us now and in the future if that status is reflected in the "Truth-in-Lending Disclosure" in any particular Agreement evidencing such debt.

6. **LIEN ON SHARES.** If shares or deposits are pledged as Collateral for this loan, You understand that the balance in Your account(s) on deposit with the Credit Union must be kept at least equal to the balance of Your loan until Your loan is repaid in full. We may, however, permit You to maintain or reduce Your account balances below Your loan balance. If You are in default, the Credit Union may apply all shares (except Keogh accounts and IRA accounts) then on deposit to Your loan up to an amount sufficient to repay Your loan.

7. **PROPERTY INSURANCE.** You promise to maintain property insurance in an amount necessary to protect Our security interest in the Collateral, with Us named as loss payee for Our protection. Such insurance shall specify a deductible not in excess of $1,000 and protect against loss by fire, theft and collision and will provide "all risks" hull insurance in the case of aircraft or boats and accessories thereto, if any. You may provide the required property insurance through an existing policy or by a policy You independently obtain and pay for from a person of Your own choosing, providing such person is reasonably acceptable to Us. You agree to deliver satisfactory evidence of the insurance policy to Us within any time period specified in any notice from Us or on Our behalf. If You do not get or keep this insurance, We may, at Our sole option, obtain insurance to protect Our interest and add its costs to Your loan and You agree to pay for it by such means as increasing Your payment or increasing Your loan term. We are under no obligation to obtain insurance on Your behalf. If We do obtain insurance, the cost of obtaining that insurance may be added to Your loan balance, subject to the applicable interest rate. We have the authority to obtain, adjust, settle or cancel insurance and may endorse any party's name on any draft.

   Unless You provide evidence of the insurance coverage required by Your agreement with Us, We may purchase insurance at Your expense to protect Our interests in Your collateral. This insurance may, but need not, protect Your interests. The coverage that We purchase may not pay any claim that You make or any claim that is made against You in connection with the collateral. You may later cancel any insurance purchased by Us, but only after providing evidence that You have obtained insurance as required by Our agreement. If We purchase insurance for the collateral, You will be responsible for the costs of that insurance, including the insurance premium, interest and any other charges We may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to Your total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance You may be able to obtain on Your own.

8. **DEFAULT.** Your loan shall be in default if any of the following things occur: (a) You do not make any payment or perform any obligation under this Agreement or any other agreement that You may have with the Credit Union; or (b) You have made a false or misleading statement in Your credit application and/or in Your representations to the Credit Union while You owe money on this loan; or (c) You should die, or be involved in any insolvency, receivership or custodial proceeding brought by or against You; or (d) a judgment or tax lien should be filed against You or any attachment or garnishment should be issued against any of Your property or rights, specifically including anyone starting an action or proceeding to seize any of Your funds on deposit with the Credit Union; and/or (e) the Credit Union should, in good faith, believe Your ability to repay Your indebtedness hereunder is or soon will be impaired, time being of the very essence.

   Upon any occurrence of default, and to the extent permitted by law, We may declare the entire balance of Your loan immediately due and payable, without prior notice or demand. If the entire balance is not then paid immediately upon default, and if permitted by law, the Collateral shall be voluntarily surrendered to the Credit Union at a time and place acceptable to it. If this is not done, to the extent permitted by law, the Credit Union may enter the premises where the Collateral is located and take possession of it and the Credit Union may assert the defense of a superior right of possession as the holder of a security interest to any offense of alleged wrongful taking and conversion. The Credit Union may sell or dispose of the Collateral in any manner permitted by law, and any resulting deficiency on Your loan shall be immediately paid to the Credit Union. In the event collection efforts are required to obtain payment on this account, You agree, to the extent permitted by law, to pay all court costs, private process server fees, investigation fees or other costs incurred in collection and reasonable attorneys' fees incurred in the course of collecting any amounts owed under this Agreement or in the recovery of any Collateral. In the event Your Account is referred for collection to an attorney (who is not Our salaried employee) and suit is brought, You will also be required to pay attorneys' fees not to exceed 15% of the amount due and payable under this Agreement, together with any court costs assessed. As permitted by law, the Credit Union shall have the right to impress and enforce a statutory lien upon the shares and dividends of any member indebted to it, and We may enforce Our right to do so without further notice to You. Additionally, You agree that We may set-off any mutual indebtedness.

9. **ASSUMABILITY.** Your loan is not assumable.

10. **DELAY IN ENFORCEMENT.** We do not lose Our rights under this or any related agreement if We delay enforcing them. We can accept late payments, partial payments, or any other payments, even if they are marked "paid in full" without losing any of Our rights under this Agreement. If any provision of this or any related agreement is determined to be unenforceable or invalid, all other provisions remain in full force and effect.

11. **GOVERNING LAW.** You understand and agree that this Agreement will be governed by the laws of the State of Missouri except to the extent that federal law controls.

12. **INDEX.** If this is a variable rate loan, the index referred to in this Agreement is an Index used to calculate Your actual Interest Rate. If this Index ceases to exist, We may adopt a new Index which will then be used to figure Your actual Interest Rate.

13. **ORAL AGREEMENTS. Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt including promises to extend or renew such debt are not enforceable, regardless of the legal theory upon which it is based that is in any way related to the credit agreement. To protect You (borrower(s)) and Us (creditor) from misunderstanding or disappointment, any agreements we reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between Us, except as We may later agree in writing to modify it.**

Borrower's Initials _____

**ADDITIONAL PROVISIONS OF LOAN AGREEMENT**

**Further paragraphs** of this Agreement are set forth on the preceding pages, and You agree to be bound by all of the provisions of this Agreement including those set forth in the "Important Insurance Requirements" portion of this Agreement.

**Signatures:** You have signed this Agreement on ___10/9/2015___ and acknowledge that You have read it, that You understand it, and that You have received a completely filled-in copy of it.

X _[signature]_____
Signature of Borrower

X _____
Signature of Borrower ☐ Owner of Collateral (other than Borrower)

X _____
Signature of Borrower ☐ Owner of Collateral (other than Borrower)

X _[signature]_____
Witness

**Co-Signer:** You understand that You are fully liable to pay any amounts due under this Agreement. The Credit Union does not have to make any demand on any other person obligated under this Agreement, nor take any steps to repossess any collateral before demanding that You pay any amount. You have read this entire Agreement, You understand it, and You agree to be bound by all of the terms.

_____    X _____    _____
Name of Co-Signer (Please Print)    Signature of Co-Signer    Date

_____    _____    _____    _____    _____
Street Address    City    County    State    Zip